IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GEROLD ASKEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:19-cv-00302 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| DAVIDSON COUNTY SHERIFF'S OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the Court is a *pro se* complaint for alleged violation of civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed by Gerold Askew, a pretrial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee. Plaintiff has also filed an application to proceed *in forma pauperis* (IFP) (Doc. No. 2), which the Court will grant by Order entered contemporaneously herewith. The complaint is now before the Court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## INITIAL REVIEW OF THE COMPLAINT

I.   PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, § 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects

listed in § 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, *pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

II. SECTION 1983 STANDARD

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the

Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

III. ALLEGATIONS AND CLAIMS

Plaintiff sues the Davidson County Sheriff's Office and Corporal Jacob Steen, claiming a violation of his Eighth and Fourteenth Amendment rights. (Doc. No. 1 at 2, 3.) He alleges that on February 13, 2019, he was called for an insulin check at 4:30 a.m. and reported to the nurse's station. (*Id.* at 5.) While waiting to be called back to see the nurse, Plaintiff used the restroom in the hallway where he was waiting and emerged from the restroom to find Corporal Steen standing outside the restroom door. (*Id.*) Corporal Steen asked him, "Can't you read boy?", but Plaintiff did not respond and sat back down to wait for the nurse to call him. (*Id.*) When he was called to the nurse's station, Plaintiff stood but Steen blocked his path to the nurse by standing in front of him with his arms spread out. (*Id.*) Plaintiff "could tell he was looking for a confrontation," but "just sa[id] that's ok and went back to the unit[,] then to [his] room" and asked another officer for his meal tray. (*Id.*) As the other officer went to get Plaintiff's breakfast, Steen came to the cell door with Plaintiff's tray and refused to give the tray to the other officer. (*Id.* at 5–6.) Steen handed the tray to Plaintiff through the door flap and stood smiling in the door window. (*Id.* at 6.) Plaintiff's milk and apple sauce containers were empty and the remaining food was "shook up[,] bread smush[ed] down in the oatmeal and eggs everywhere." (*Id.*) Plaintiff alleges that he has already had one heart attack, and that missing his medication and breakfast that morning "about gave [him] another one." (*Id.*)

Plaintiff alleges that in the week that followed, he spoke with other officers and administrators about the incident with Corporal Steen and was told that Steen was subsequently fired or resigned over the incident. (*Id.* at 6–8.) Plaintiff states that he filed a grievance, but that

3

because the issue was properly addressed and Steen apparently no longer worked at the Sheriff's Office, he did not need to pursue a grievance appeal. (*Id.* at 11.) As relief in this Court, Plaintiff seeks $200,000.00 in damages. (*Id.* at 9.)

IV. ANALYSIS

To begin with, it is well settled that county sheriff's offices are not entities subject to suit under § 1983. *Lunsford v. Davidson Cty. Sheriff Office*, No. 3:19-cv-00079, 2019 WL 333553, at *2 (M.D. Tenn. Jan. 25, 2019) (citing, *e.g.*, *Rhodes v. McDaniel*, 945 F.2d 117, 120 (6th Cir. 1991)). Even if the Court were to broadly construe Plaintiff's suit against the Davidson County Sheriff's Office as an attempt to hold the county itself liable, he does not allege any harm that was caused by a policy of Davidson County. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (to hold municipality liable, plaintiff must allege a direct causal link between a policy or custom of the municipality and the alleged constitutional violation). Plaintiff therefore fails to state a claim against the Sheriff's Office.

Moreover, Plaintiff fails to allege any actionable deprivation of rights by Defendant Steen. "Pretrial detainees . . . are protected [from punishment] by the Fourteenth Amendment's Due Process Clause," *Richko v. Wayne Cty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016), under which they have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners. *Garretson v. City of Madison Heights*, 407 F.3d 789, 795 (6th Cir. 2005). "Eighth Amendment jurisprudence clearly establishes that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain that is violative of the Constitution." *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 105 (1976)) (internal quotation marks omitted). "For this reason, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983," *id.*,

4

whether the prisoner is a convict proceeding under the Eighth Amendment or a detainee proceeding under the Fourteenth Amendment.

Based on the allegation that Plaintiff's decision not to engage with Steen caused him to miss an insulin check, the Court assumes that Plaintiff is a diabetic. But his allegation that missing one dose of insulin and one meal "about gave" him a heart attack (Doc. No. 1 at 6), without any other alleged repercussions, does not indicate a level of seriousness sufficient to support a constitutional violation. Based on similar allegations, the district court in *Hale v. Burns* reached the same conclusion, as follows:

> Diabetes may qualify as a serious medical need. *See Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir.2005) (a diabetic pretrial detainee who was not provided medically-required insulin injections, which resulted in an emergency hospital admission, coupled with a stay of several days, had a "sufficiently serious" medical need). In this case, however, the plaintiff has furnished no details from which to infer that a missed dose of "diabetic medication" or a one-time deprivation of a diabetic diet amounts to a sufficiently serious medical need. *See Bellamy v. Bradley*, 729 F.2d 416, 419-20 (6th Cir.1984) (proof that a prison official denied a blind inmate a single meal is insufficient to establish an Eighth Amendment violation). There is no indication that he was experiencing any symptoms with respect to diabetes; that he experienced any adverse events from these alleged denials; or that the defendants knew that the two supposed denials posed a substantial risk of harm to the plaintiff. Absent a demonstration of a serious medical need and deliberate indifference, there is simply no constitutional claim.

*Hale v. Burns*, No. 2:06-CV-136, 2007 WL 2021938, at *3 (E.D. Tenn. July 10, 2007).

To the extent that Plaintiff is complaining specifically about being deprived of a meal, such complaint will not support an action under Section 1983. *See Marr v. Case*, No. 1:07-cv-823, 2008 WL 191326, at *3 (W.D. Mich. Jan. 18, 2008) ("Courts have consistently found that missing a single meal does not rise to the level of a constitutional violation."). Undeniably, the alleged deeds of withholding some of Plaintiff's food and rendering the rest of it inedible are, at best, childlike and indeed asinine. But they are not actionable under Section 1983.

Furthermore, Steen's behavior in attempting to provoke a response from Plaintiff, while contemptible, does not otherwise rise to the level of a constitutional violation. *See Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (holding that verbal harassment, denial of seven meals over six days, and turning off water to inmate's cell on one occasion did not rise to level of punishment proscribed by Eighth Amendment). In short, while the complaint indicates that Defendant Steen's conduct on February 13, 2019 may have been inappropriate enough to cost him his job, it fails to state a constitutional claim under § 1983.

## **CONCLUSION**

For the reasons set forth above, the Court finds that Plaintiff fails to state a claim upon which relief may be granted, and that his complaint must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will enter.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE